I. Summary Judgment to FT Mortgage
Upon Williams' failure to make monthly mortgage payments as they became due, FT filed a suit in foreclosure against her. The trial court granted summary judgment in favor of FT.
There is no dispute that there is evidence in the record indicating that Williams, under the terms of the mortgage contract, had an independent obligation to make the mortgage payments as they became due each month, regardless of the actions of her insurer. It is further undisputed that she defaulted on the mortgage by failing to make payments, beginning with the month immediately following the fire. After the application of the insurance proceeds to the balance owing under the mortgage, a deficiency remained. Williams presented no evidence to rebut these allegations.
Williams' only argument that FT should not be granted summary judgment is that she was prejudiced by FT's settlement of the insurance claim. However, there is no question of fact that FT settled the claim for the policy limit. Williams has failed to present any evidence indicating the prejudice she suffered. FT's motion demonstrates the absence of any issue of material fact. Williams failed to meet her reciprocal burden under Civ.R. 56 to present evidence indicating that a genuine issue of fact exists. I would therefore affirm the trial court's grant of summary judgment to FT Mortgage.
II. Summary Judgment to LRM Insurance Co.
Williams joined LRM, her insurer, as a third party defendant to the foreclosure action initiated by FT. Her complaint alleges that "as a result of the negligent adjustment and willful failure to pay [Williams'] claims; [sic] that [Williams] has been sued by her mortgage company[.]" The complaint speaks only in terms of negligence, and does not allege a breach of contract. The complaint alleges only that LRM negligently adjusted her claim, and does not refer to any right of the mortgage holder to collect on the insurance policy.
LRM filed a motion for summary judgment, contending that Williams had breached the insurance contract terms by failing to submit to an examination under oath, and that this breach relieved its obligation to Williams under the policy. Williams responded, arguing that she was free to assert her Fifth Amendment right against self-incrimination to avoid answering LRM's questions about the fire. The trial court disagreed, and granted summary judgment in favor of LRM.
The majority also disagrees with Williams, and finds that her failure to cooperate is a material breach of the insurance contract which relieves LRM of any obligation to Williams. Having concluded that Williams' claim has been properly denied, summary judgment should be granted to LRM.
However, the majority, without reference to legal authority, places the burden on both LRM and FT to establish that each complied with the terms of the insurance contract. Williams has not asserted that FT hindered payment of the insurance claim, and LRM has refuted the assertion that it wrongfully denied the claim with evidence of Williams' failure to comply with the insurance policy terms.
The burden created by the majority is misplaced. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. It is then upon the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. Id.; Civ.R. 56(E).
LRM asserts that it has paid the insurance policy limit to the mortgage company and that, in the present foreclosure action, it is not responsible for Williams' failure to make her monthly mortgage payments. The fact that Williams breached the policy, and that LRM paid the policy limit to the mortgage company, supports its assertion in the motion for summary judgment that it was not negligent in its adjustment of the claim. Williams, responding to the motion for summary judgment, is required to set forth specific facts demonstrating a genuine issue for trial. Civ.R. 56. Williams may not rest on bare assertions to demonstrate a factual dispute. Dresher at 293.
Williams has failed to rebut LRM's claims with any evidentiary material but rather, continues to argue her right to assert her Fifth Amendment privilege. At this stage, the issue is of little consequence. As decided by the majority, she has materially breached the terms of the insurance contract, and her claim has been properly denied. However, the majority sympathetically creates a question of fact which operates in Williams' favor, a question of fact that she has failed to argue or support with evidentiary material. Williams has not brought a breach of contract claim against LRM or alleged negligence by FT. These issues, not argued before the trial court, nor in Williams' brief on appeal, should not be manipulated by this court to reverse the trial court's judgment.
Williams has failed to meet her burden on the summary judgment motion, and I would affirm the decision of the trial court granting summary judgment to LRM.